UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARANJIT K.,

         Petitioner,

    v.

SERGIO ALBARRAN, et al.,

         Respondents.

No. 1:26-cv-00467-TLN-EFB

**ORDER**

This matter is before the Court on Petitioner Karanjit K.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition and motion to dismiss. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is a native and citizen of India and an asylum applicant in the United States. (ECF No. 1 at 4–5.) On December 6, 2022, Petitioner entered the United States without inspection and was apprehended by immigration authorities. (*Id*. at 4.) That same day, immigration authorities released Petitioner on parole. (*Id*.)

---

[1] Respondents did not request a hearing. (ECF No. 7.) Petitioner did not file a traverse. Therefore, the Court decides the matter on the record before it.

[2] The facts are not disputed.

1

For nearly three years, Petitioner asserts he lived lawfully in the United States, paid taxes, filed an asylum application, obtained five-year work authorization, maintained gainful employment, and complied with the conditions of his parole including regular check-ins with U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at 5.) Petitioner's application for asylum remains pending. (*Id.*)

Nevertheless, on November 19, 2025, Petitioner was detained during a routine check-in without pre-deprivation notice or a hearing. (*See id.*) Respondents further denied Petitioner a post-detention bond hearing. (*Id.* at 6.) Petitioner was detained two months without a hearing. (*See id.*)

On January 20, 2026, Petitioner challenged the lawfulness of his civil detention through the Petition and a Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1, 2.) On January 22, 2026, the Court found Petitioner was likely to succeed on his claims that his detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause ordered Petitioner's release. (ECF No. 4.) The Court further ordered the parties to respond on the merits of the habeas petition. (*Id.*)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

**III.   ANALYSIS**

Petitioner claims his detention without a bond hearing violated the INA and the Fifth Amendment Due Process Clause.  (ECF No. 1 at 6–12.)  In response, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (ECF No. 7 at 1–2.)  The Court discusses each claim in turn.

A.   Violation of the INA

Under the INA, 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination. *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.

Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)") mandates detention during removal proceedings for applicants for admission and does not provide for a bond hearing.

Until the U.S. Department of Homeland Security ("DHS") changed its policy in July 2025 ("DHS's July Policy"), the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

Courts nationwide, including this one, have overwhelmingly rejected the Government's new legal position and have found DHS's July Policy unlawful. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *see also Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025) (issuing vacatur of unlawful DHS July Policy for a nationwide certified class).

Petitioner asserts he was unlawfully detained under § 1225(b)(2) when § 1226(a) governed his detention and entitled him to a bond hearing.  (ECF No. 1 at 8.)  This Court agrees.

3

Section 1225(b)(2)(A) applies only to "applicants for admission" "seeking admission" — a category that does not include noncitizens like Petitioner who already entered the United States and are residing here at the time ICE re-detains them. *See Morales-Flores*, 2025 WL 3552841, at *3. This Court has repeatedly made its position on this statutory question clear. *Id.* Absent new argument, case law, or distinguishable facts, this Court will not reconsider its position. Respondents offer none. (*See generally* ECF No. 7.)

Thus, Petitioner is not an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Petitioner was instead subject to § 1226(a) and was entitled to the process that statute requires, including a bond hearing at a minimum. Yet, Respondents did not provide any such hearing to Petitioner in two months of detention. Accordingly, the Court finds Respondents violated Petitioner's statutory rights under the INA.

### B. Violation of Procedural Due Process

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i. Liberty Interest

As for the first step, the Court finds Petitioner has established a protectable liberty interest. *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"). "[T]he

4

government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025). To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025).

Here, Petitioner gained a liberty interest in his continued freedom after he was released from custody in 2022. (ECF No. 1 at 4.) Under *Morrisey*, this release implied a promise that he would not be re-detained, during the pendency of his immigration proceedings, if he abided by the terms of his release. Petitioner asserts he did indeed comply with the conditions of his release. (ECF No. 1 at 5.) Petitioner's appearance at his routine ICE check-in, where he was arrested, is evidence of his compliance. (*See id.*) As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

### ii. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, the Court finds Petitioner has established his due process rights were violated.

First, Petitioner has a substantial private interest in remaining free from detention.  For nearly three years, Petitioner built a life here — he asserts he lived lawfully in the United States, paid taxes, filed an asylum application, obtained employment authorization for five years, maintained gainful employment, and complied with the conditions of his parole.  (ECF No. 1 at 5.)  Despite that, Petitioner was detained for two months without an opportunity to be heard.  (*Id.* at 5–6.)  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner was not afforded any hearing, either pre- or post-detention.  Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  Notice and custody determination hearings are routine processes for Respondents.  Indeed, they are the very processes owed to Petitioner under § 1226(a).  It would also be less of a fiscal and administrative burden for the Government to return Petitioner home to await a determination on his immigration proceedings than to continue to detain him.  *See Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Moreover, where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994; *see also R.D.T.M.*, 2025 WL 2617255, at *4 ("Civil immigration detention, which is nonpunitive in

6

purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up).  Petitioner's asylum application is ongoing and there is no removal order.  (*See* ECF No. 1 at 5.)  Additionally, before releasing him on his own recognizance in 2022, DHS would have found that Petitioner was not a danger to the community nor a flight risk.  *See* 8 C.F.R. § 1236.1(c)(8).  Petitioner's conduct of compliance over three years only strengthens such findings.  (*See id.* at 5.)  Respondents do not argue otherwise.  Therefore, on this record, the Respondents had no legitimate interest in detaining Petitioner.

The Court finds that, under these circumstances, Respondents were required to provide notice and a pre-deprivation hearing.  The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original).  The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129.  Here — where Petitioner has substantially complied with the conditions of his release, there is no record of criminal history, and there is no final order of removal — the Court finds pre-deprivation notice and a hearing are possible and valuable to preventing erroneous deprivation of liberty.  Further, Respondents have not provided any substantive opposition to the contrary.  (*See* ECF No. 7.)

Respondents did not provide either notice or a pre-deprivation hearing.  Nor did Respondents provide a post-deprivation hearing.  Thus, Respondents violated Petitioner's procedural due process rights.

Upon finding Petitioner's detention violated the INA and due process, the Court GRANTS the Petition.  (ECF No. 1.)

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

2. Petitioner's Petitition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining
   Petitioner absent compliance with constitutional protections, including seven-days' notice

and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

4. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: February 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE